LOR.TNG-, J.,
dissenting:
These transportation contracts of the Government are important from the amounts they involve, and they are likely to be, as they have been, of frequent occurrence. And as the Government fixes their terms and provides their own measure *551 of safety, I think they are to be administered according to their terms and by the rules that govern such contracts between individuals.
It is true that in these cases the amount of transportation the Government may actually need cannot be determined beforehand, nor when the contract is entered into; and, therefore, the contracts always provide that the amount of transportation required shall be left to be determined by the Government when its needs shall arise and be known to it; and to this end the contracts provide that notice shall be given by the United States to the contractor of the specific amounts, places, and times for which transportation will be required ; and by such notice the contractor becomes absolutely bound to transport the amount specified ,• and the contract is then for him a contract for a specific amount; and on the principle of mutuality of contracts I think it should be so for the Government, and that it cannot be made specific for the contractor and not for the Government. If the contractor has thus the liability of a specific contract, he is entitled to the profits of it by the rule that governs between individuals, and for the same reason that parties do not undertake specific contracts for the mere cost of executing them.
I think the petitioner is entitled to the profits he would have made if the amount of freight specified by notice to him had been furnished, and that is here merely a matter of arithmetic from data furnished.